IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TELCOM VENTURES LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>        Defendants. | Civil Action No. 2:24-cv-00691-JRG |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.
AND SAMSUNG ELECTRONICS AMERICA, INC.'S
<u>MOTION TO STAY PROCEEDINGS PENDING *INTER PARTES* REVIEW</u>**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................1

III. LEGAL STANDARD ..............................................................................................................2

IV. ARGUMENT ...........................................................................................................................4

    A. Telcom Will Not Suffer Undue Prejudice ...............................................................4

    B. This Case Is In Its Early Stages ................................................................................5

    C. IPR Proceedings Will Simplify or Eliminate Issues, Streamline Litigation, and Reduce the Burden on the Parties and This Court ............................................6

V. CONCLUSION ........................................................................................................................9

# TABLE OF AUTHORITIES

**Page**

## CASES

*ACQIS LLC v. Samsung Elecs. Co.*,
  No. 20-cv-00295, 2021 WL 12313377 (E.D. Tex. Sept. 26, 2021)................................... 7

*AGIS Software Dev. LLC v. Google LLC*,
  No. 19-cv-00361, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021).......................................... 6

*Autoalert, Inc. v. Dominion Dealer Sols., LLC*,
  No. SACV 12-1661, 2013 WL 8014977 (C.D. Cal. May 22, 2013) ................................ 4

*Aylus Networks, Inc. v. Apple Inc.*,
  856 F.3d 1353 (Fed. Cir. 2017).................................................................................... 6, 8

*Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co.*,
  No. 14-cv-759, 2015 WL 11143485 (E.D. Tex. Dec. 16, 2015) ...................................... 4

*Clinton v. Jones*, 520 U.S. 681 (1997)............................................................................... 3

*Cobblestone Wireless, LLC v. Cisco Sys., Inc.*,
  No. 23-cv-00454, 2024 WL 5047854 (E.D. Tex. Dec. 9, 2024) ................................... 3, 4

*Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*,
  No. 21-cv-00444, 2025 WL 1538745 (E.D. Tex. May 29, 2025) ..................................... 3

*Corel Software, LLC v. Microsoft Corp.*,
  No. 15-cv-528, 2016 WL 4444747 (D. Utah Aug. 23, 2016)............................................ 8

*Fresenius USA, Inc. v. Baxter Int'l., Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013)........................................................................................ 7

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
  No. 16-cv-00052, 2017 WL 4385567 (E.D. Tex. Sept. 9, 2017), *report and
  recommendation adopted*, 2017 WL 4314580 (E.D. Tex. Sept. 28, 2017) ........................ 8

*In re Etter*,
  756 F.2d 852 (Fed. Cir. 1985).......................................................................................... 7

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
  No. 20-cv-00317, 2021 WL 4555610 (W.D. Tex. Oct. 5, 2021)................................... 3, 5

*NFC Tech. LLC v. HTC Am., Inc.*,
  No. 13-cv-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ............................ 3, 5, 6, 7

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
  No. 13-cv-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014).................................... 5, 7, 8

*SSL Servs., LLC v. Cisco Sys., Inc.*,
  No. 15-cv-433, 2016 WL 3523871 (E.D. Tex. June 28, 2016) ......................................... 4

*TC Tech. LLC v. Sprint Corp.*,
    No. 16-153, 2021 WL 4521045 (D. Del. Oct. 4, 2021) ........................................................ 6

*Thryv, Inc. v. Click-To-Call Techs., LP*, 590 U.S. 45 (2020) ......................................................... 8

*VirtualAgility Inc. v. Salesforce.com*,
    759 F.3d 1307 (Fed. Cir. 2014) ................................................................................... 3, 4, 5

*ZitoVault, LLC v. Int'l Bus. Machines Corp.*,
    No. 16-cv-00962, 2018 WL 1964012 (N.D. Tex. Mar. 23, 2018) ...................................... 7

## OTHER AUTHORITIES

H.R. Rep. No. 112-98 (2011) ........................................................................................................ 8

*PTAB Trial Statistics FY 25 Q2 Outcome Roundup IPR, PGR*,
    USPTO,
    https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2025_q2_roundu
    p.pdf ................................................................................................................................... 7

*Sotera Wireless, Inc. v. Masimo Corp.*,
    No. IPR2020-01019, 2020 WL 7049373 (P.T.A.B. Dec. 1, 2020) ..................................... 8

I.  **INTRODUCTION**

Plaintiff Telcom Ventures LLC ("Telcom") filed this case on August 21, 2024 and served infringement contentions on November 21, 2024. It alleges infringement of ***one-hundred and eighteen claims*** across ***eight*** asserted patents.  Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") diligently investigated the prior art and, from May 2 to 23, 2025, filed petitions for *inter partes* review (IPR) challenging the validity of every single one of these claims.  Though the IPRs are still pending institution, the Court has a window of opportunity now to preserve significant resources associated with future claim construction deadlines and incipient discovery in the case, especially given the large number of asserted claims that could be eliminated through the IPR process.  Moreover, the case is still in its infancy, as no claim construction or depositions have taken place, document and written discovery is ongoing, and expert discovery, summary judgment motions, and trial are still far in the future.  Nor would a stay risk any prejudice to Telcom, which is a non-practicing entity that has never commercialized the patents-in-suit and does not compete with Samsung in any way. Accordingly, Samsung respectfully moves to stay the current litigation pending final resolution of each of its petitions to institute IPR and final resolution of all resultant instituted IPRs.

II. **BACKGROUND**

This case is still in its very early stages. Telcom's August 21, 2024 complaint asserts infringement of eight patents in the same family, all directed to performing financial transactions using a smartphone. Dkt. 1. Telcom served its infringement contentions on November 21, 2024, pursuant to P.L.R. 3-1, asserting every claim of every patent, for a total of 118, as set forth below.

- U.S. Patent No. 9,462,411 Claims 1-4
- U.S. Patent No. 9,832,708 Claims 1-19
- U.S. Patent No. 10,219,199 Claims 1-19

- U.S. Patent No. 10,674,432 Claims 1-17
- U.S. Patent No. 11,770,756 Claims 1-18
- U.S. Patent No. 11,924,743 Claims 1-14
- U.S. Patent No. 11,937,172 Claims 1-16
- U.S. Patent No. 12,028,793 Claims 1-11

Samsung served its invalidity and subject matter ineligibility contentions pursuant to P.L.R. 3-3 on February 3, 2025. Dkt. 45.

Claim construction has not yet begun, but is scheduled to begin one month from now with the parties' August 6, 2025 exchange of proposed claim terms for construction and subsequent briefing from October through November, 2025. Dkt. 44 at 4-5. The claim construction hearing is set to take place five months from now, on December 3, 2025. Dkt. 44 at 4. The deadline to substantially complete document productions is four months away, and fact discovery closes more than five months from now. Dkt. 44 at 4-5. The trial is scheduled for June 1, 2026. Dkt. 44 at 1.

In May 2025, Samsung filed IPR petitions against the eight asserted patents (IPR2025-957, -972, -973, -974, -975, -976, -977, -978). The IPR petitions challenge the validity of all the asserted claims of Telcom's patents based on prior art and arguments not considered by the patent examiners during prosecution of the applications leading to the asserted patents. The Patent Trial and Appeal Board (PTAB) has accorded filing dates for each of the IPRs and, based on such dates, Samsung expects institution decisions to issue from December 10 to December 17, 2025. Assuming the IPRs are instituted, Samsung expects final written decisions to issue in December 2026.

### III. LEGAL STANDARD

The Court possesses the inherent power to control its own docket, and that power includes the power to stay proceedings. *Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*, No. 21-cv-

2

00444, 2025 WL 1538745, at *2 (E.D. Tex. May 29, 2025) (Gilstrap, J.) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). A stay is particularly justified when "the outcome of a [Patent and Trademark Office (PTO)] proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc.*, No. 13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (internal quotation marks omitted).

District courts generally consider three factors when determining whether to grant a stay pending IPR of a patent in suit: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Id.* at *2. Courts weigh these factors to "determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

"[W]hether the patentee will be *unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). A patent owner's interest in timely enforcement of its patent rights is "not sufficient, standing alone, to defeat a stay motion." *NFC Tech.*, 2015 WL 1069111, at *2. "Where . . . a patentee seeks exclusively monetary damages, as opposed to a preliminary injunction or other relief, mere delay in collecting those damages does not constitute undue prejudice." *Cobblestone Wireless, LLC v. Cisco Sys., Inc.*, No. 23-cv-00454, 2024 WL 5047854, at *2 (E.D. Tex. Dec. 9, 2024); *see also Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 20-cv-00317, 2021 WL 4555610, at *2 (W.D. Tex. Oct. 5, 2021) ("[T]he weight of [p]laintiff's interest in timely enforcement is diminished here where a stay would merely delay [p]laintiff's potential monetary recovery."). That is particularly true where the plaintiff "does not compete with [the defendant] and . . . monetary relief will be sufficient to compensate it for any injury to its patent rights." *NFC Tech.*, 2015 WL 1069111, at *3.

3

## IV.   ARGUMENT

All of the pertinent factors weigh in favor of granting a stay pending the results of the IPR petitions. A stay will (1) not cause any undue prejudice, (2) conserve this Court's and the parties' resources, and (3) simplify this litigation.

### A.   Telcom Will Not Suffer Undue Prejudice

Telcom—a non-practicing entity that does not compete with Samsung or offer any products or services at all, let alone those that practice the asserted patents—would not suffer any undue prejudice if the Court stays the case pending resolution of IPRs.

***First***, Telcom has never made or sold ***any*** products, let alone a product that competes with Samsung, and thus monetary relief will be sufficient to compensate Telcom. While IPR may delay Telcom, a mere delay in collecting damages is not unduly prejudicial. *See Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co.*, No. 14-cv-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015); *VirtualAgility Inc.*, 759 F.3d at 1318 ("A stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit."); *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 15-cv-433, 2016 WL 3523871, at *2 (E.D. Tex. June 28, 2016).

***Second***, Telcom's own delay with respect to obtaining and asserting these patents further evinces a lack of prejudice. *See Cobblestone Wireless*, 2024 WL 5047854, at *2. In *VirtualAgility*, the Federal Circuit observed that the plaintiff "waited nearly a year after the [patent] issued before it filed suit" and found this fact to weigh against the plaintiff's claims of undue prejudice. 759 F.3d at 1319; *see also Autoalert, Inc. v. Dominion Dealer Sols., LLC*, No. SACV 12-1661, 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013) ("Plaintiff's failure to file for a preliminary injunction in the seven months since it filed its Complaint further suggests that monetary damages will adequately compensate Plaintiff should Defendants be found liable for patent infringement.").

Here, the asserted patents have a common specification, which Telcom first filed in a November 4, 2008 application that issued on October 4, 2016. *See* Dkt. 1-1. A year before that, in 2015, Samsung launched the proximity payment services at the heart of the alleged infringement. *See* Dkt. 1 ¶ 58. Telcom then filed numerous child applications, including in 2016, 2017, 2019, 2022, and 2023. By the end of 2020, more than half of the asserted patents were issued. *See* Dkts. 1-2–1-8. Nevertheless, Telcom did not file its complaint until August 2024—more than ***four years*** after the issuance of most of the asserted patents. *See* Dkt. 1. Time is not of the essence to Telcom.

Accordingly, this factor favors granting Samsung's motion to stay.

## B.     This Case Is In Its Early Stages

This case is in its infancy. No claim construction has taken place—the parties' exchange of proposed claim terms for construction is a month away and the claim construction hearing is five months away. Dkt. 44 at 4. The deadline to substantially complete document productions is four months away, and fact discovery closes five months from now. Dkt. 44 at 4-5. Expert discovery, summary judgment motions, trial preparation, trial, and post-trial briefing are all far in the distance. Dkt. 44 at 1-4. While a trial date is set, it is nearly one year from now. Dkt. 44 at 1. Thus, the vast "bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future." *NFC Tech.*, 2015 WL 1069111, at *3. *See also Kirsch*, 2021 WL 4555610, at *2; *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 13-cv-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014); *VirtualAgility*, 759 F.3d at 1317 (finding stay pending CBM review appropriate where "there remained eight months of fact discovery, the joint claim construction statements had yet to be filed, and jury selection is a year away").

Because key deadlines are far in the future, a stay would conserve judicial resources, including by avoiding any need to revisit claim construction or other orders in view of arguments advanced before the PTAB. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir.

5

2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer.").

This Court and others routinely stay cases that are much further along than this case. For example, in *AGIS Software Development LLC v. Google LLC*, this Court stayed a case in which "discovery [was] complete, pretrial briefing [was] submitted, and jury selection [was] pending" because the pretrial conference and trial represented "significant resources yet to be expended by the parties." No. 19-cv-00361, 2021 WL 465424, at *3 (E.D. Tex. Feb. 9, 2021) (Gilstrap, J.). In *TC Technology LLC v. Sprint Corp.*, the court granted a motion to stay filed approximately **two months before trial**, noting that "stays have been granted in a number of other cases that involved motions for a stay that were filed at times roughly as close to trial as in this case." No. 16-153, 2021 WL 4521045, at *7, *11 (D. Del. Oct. 4, 2021).

Accordingly, this factor also favors granting Samsung's motion to stay.

### C. IPR Proceedings Will Simplify or Eliminate Issues, Streamline Litigation, and Reduce the Burden on the Parties and This Court

"[T]he most important factor bearing on whether to grant a stay . . . is the prospect that the inter partes review proceeding will result in simplification of issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. The pending IPR petitions here concern each asserted claim of each asserted patent: IPR would simplify the issues in this case from a validity or infringement perspective, and potentially resolve them altogether. Moreover, "[a] stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.* at *2 (internal quotation marks omitted). As the Federal Circuit and this Court have observed, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the [PTAB]'s consideration." *Norman IP Holdings*, 2014 WL 5035718, at *2 (quoting *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985)).

It is highly likely that the IPRs will impact this case significantly. According to the second quarter 2025 trial statistics of the PTO, the PTAB instituted 68 percent of trial petitions in 2025, and 66 percent of petitions in the Electrical/Computer technology area (the relevant technology area of the asserted patents). *PTAB Trial Statistics FY 25 Q2 Outcome Roundup IPR, PGR*, USPTO 6, 8, https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2025_q2_roundup.pdf. Moreover, instituted IPRs generally lead to claim cancellation. 83 percent of Final Written Decisions have resulted in at least one claim being found invalid, and 64 percent of Final Written Decisions have found all instituted claims invalid. *Id.* at 10. If the PTAB invalidates the asserted claims, then a stay would save significant time and resources for the Court and the parties, particularly since Telcom has asserted **one-hundred and eighteen** claims in this case. *See NFC Tech.*, 2015 WL 1069111, at *7 ("[A]ny disposition by the PTAB is likely to simplify the proceedings before this Court."). Even if only some of the claims are invalidated, the IPR will have narrowed some of the issues and will have added prosecution history, which may inform claim construction, infringement, and invalidity. *See ZitoVault, LLC v. Int'l Bus. Machines Corp.*, No. 16-cv-00962, 2018 WL 1964012, at *3 (N.D. Tex. Mar. 23, 2018); *ACQIS LLC v. Samsung Elecs. Co.*, No. 20-cv-00295, 2021 WL 12313377, at *5 (E.D. Tex. Sept. 26, 2021) (Gilstrap, J.) (noting that "[t]he prosecution history is another tool to supply the proper context for claim construction").

Moreover, if an "original claim is cancelled or amended [by the PTAB] to cure invalidity, the patentee's cause of action is extinguished and the suit fails," at least with respect to the original claims. *Fresenius USA, Inc. v. Baxter Int'l., Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). Thus, a stay will benefit both parties by allowing them to take advantage of the IPR system, which constitutes "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Thryv, Inc. v. Click-To-Call Techs., LP*, 590 U.S. 45, 54 (2020) (quoting H.R. Rep. No. 112-98, at 40 (2011)); *see also Norman IP*

*Holdings, LLC v. TP-Link Techs., Co.*, No. 13-cv-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) (recognizing that staying the proceedings would benefit both parties). Regardless of the institution decision, Telcom's statements in its preliminary responses will be material evidence, including evidence for this Court to consider for claim construction. *See Aylus Networks*, 856 F.3d at 1359; *see also Corel Software, LLC v. Microsoft Corp.*, No. 15-cv-528, 2016 WL 4444747, at *2 (D. Utah Aug. 23, 2016) ("Because it is possible, even likely, that the PTO will proceed on at least one of [the defendant's] IPR petitions, this factor weighs in favor of a stay. Proceeding with claim construction without the benefit of the additional intrinsic record developed during IPR could complicate this case by making it necessary to reconsider certain claim construction issues."). Such statements proved to be dispositive in a past case in this district. *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 16-cv-00052, 2017 WL 4385567, at *3-5 (E.D. Tex. Sept. 9, 2017), *report and recommendation adopted*, 2017 WL 4314580 (E.D. Tex. Sept. 28, 2017).

Finally, invalidity issues will be simplified because Samsung stipulated to limit certain invalidity defenses in the district court case. *See Sotera Wireless, Inc. v. Masimo Corp.*, No. IPR2020-01019, 2020 WL 7049373, at *7 (P.T.A.B. Dec. 1, 2020). Specifically, Samsung stipulated that, if the Board institutes IPR, Samsung will not pursue in the district court case (1) any ground raised or that could have reasonably been raised in the petition, (2) any ground that relies on a patent or printed publication as its primary reference, or (3) any ground that includes U.S. Patent Application Publication No. 2006/0165060 ("Dua") and U.S. Patent Application Publication No. 2009/0069049 ("Jain") in an obviousness combination. In other words, if review is instituted, Samsung intends to go to trial based on system prior art, with a minor reservation of rights to use patents or printed publications as secondary references.

Accordingly, this third factor also favors granting Samsung's motion to stay.

8

## V.   CONCLUSION

Samsung submits that the factors favor a stay, and that the benefits of a stay outweigh the costs. Samsung respectfully asks that the Court grant its motion to stay this case pending final resolution of Defendants' petitions to institute *inter partes* review of the asserted patents and final resolution of all resultant instituted *inter partes* reviews.

Dated: July 7, 2025                    Respectfully submitted,

/s/ Melissa R. Smith
Sean S. Pak
California Bar No. 219032 (pro hac vice)
seanpak@quinnemanuel.com
Benjamin M. Kleinman
California Bar No. 261846 (*pro hac vice*)
benjaminkleinman@quinnemanuel.com
Iman Lordgooei
California Bar No. 251320 (admitted in E.D. Tex.)
imanlordgooei@quinnemanuel.com
Jeremy Thomas
California Bar No. 357522 (*pro hac vice*)
jeremythomas@quinnemanuel.com
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Joseph Reed
California Bar No. 323524 (*pro hac vice*)
joereed@quinnemanuel.com
Brady Huynh
California Bar No. 339441 (*pro hac vice*)
bradyhuynh@quinnemanuel.com
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel : 650-801-5000
Fax: 650-801-5100

Kevin Hardy
D.C. Bar No. 473941 (admitted in E.D. Tex.)
kevinhardy@quinnemanuel.com
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
1300 I Street, N.W., Suite 900
Washington, DC 20005
Tel: 202.538.8000
Fax: 202.538.8100

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com

GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 7, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated: July 7, 2025               */s/ Melissa R. Smith*
                                            Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7, I hereby certify that the parties have met and conferred on the contents of the above motion, and Telcom opposes the motion. On July 7, 2025, Karlee Wroblewski, Jacob Young, Mary Riolo, and Katherine Rubschlager (for Telcom) met and conferred by Zoom with Ben Kleinman and Brady Huynh (for Samsung). The parties discussed their respective positions and an agreement could not be reached because they disagreed on whether the facts as applied to the relevant factors warranted staying the present litigation. The parties have thus reached an impasse.

Dated: July 7, 2025               */s/ Melissa R. Smith*
                                            Melissa R. Smith