IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TELCOM VENTURES LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00691-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s ("Samsung") Motion for Leave to Amend Invalidity Contentions (Dkt. No. 57) ("Motion"). Samsung's Motion requests leave to amend its invalidity contentions. Some of the proposed amendments are opposed; some are unopposed. Having considered the briefing and the documents cited therein, the Court finds that the Motion should be **GRANTED**.

## I.    BACKGROUND

Telcom Ventures LLC's ("Telcom") complaint asserted Samsung infringed eight patents in the same family, all directed to performing financial transactions using a smartphone. (Dkt. No. 1.) Telcom's infringement contentions identified every claim of every asserted patent, for a total of 118 asserted claims.

Samsung served its amended invalidity contentions about six months after the invalidity contentions deadline and with about five months left in fact discovery. Additionally, a relevant

timeline leading to Samsung's Motion to amend its invalidity contentions follows:

- January 9, 2025: Samsung subpoenaed Motorola Mobility LLC ("Motorola") regarding potential mobile payment prior art.  (Dkt. No. 66 at 5.)

- February 3, 2025: Samsung served its invalidity contentions that mentioned potential Motorola prior art and that prior art discovery was ongoing.  (Dkt. No. 57 at 5.)

- May 27, 2025: Motorola produced documents responsive to the January subpoena.  (*Id.* at 8.)

- July 31, 2025: Samsung informed Telcom of its intention to amend its invalidity contentions in light of the documents Motorola produced; Samsung provided Telcom with the disputed updated contentions.  (*Id.* at 9.)

- August 29, 2025: Samsung filed the instant Motion.  (*Id.*)

- December 18, 2025: Fact discovery closed.  (Dkt. No. 44 at 4.)

## II.    LEGAL AUTHORITY

Under the local Patent Rules of the Eastern District of Texas, leave to amend invalidity contentions "shall be entered only upon a showing of good cause."  P.R. 3-6(b).  "'[G]ood cause' requires a showing of diligence."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).  Courts in this District consider four factors when determining whether good cause has been shown: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice.  *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535–36 (5th Cir. 2003).

### III. SAMSUNG HAS GOOD CAUSE TO AMEND ITS INVALIDITY CONTENTIONS FOR THE OPPOSED AMENDMENTS

Samsung requests leave to supplement its invalidity contentions with Motorola's contactless mobile payments systems. (Dkt. No. 57 at 7.)  Samsung argues that it has good cause to do so "because the relevant details regarding the [Motorola] system's . . . operation had not yet been produced in discovery" before the invalidity contentions due date.  (*Id.* at 8.)  As to the importance of the prior art, Samsung stresses that the "Motorola systems invalidate all 118 claims of the eight asserted patents." (*Id.* at 10; Dkt. No. 70 at 3.)  The prior art discloses relevant lock, fingerprint, communication, and smart card features, among other features.  (Dkt. No. 57 at 10; Dkt. No. 70 at 4.)  Allowing Samsung to amend would not unfairly prejudice Telcom because the amendments occurred with months left in fact discovery; the amendments would not alter claim construction or necessitate a continuance.  (Dkt. No. 57 at 11–12.)

Telcom argues that Samsung was not diligent because it incurred a "***six-month*** delay in disclosing its new theories" and because "***Samsung already possessed publicly available documents*** that identified and described the [Motorola] system."  (Dkt. No. 66 at 7–11.)  Telcom also draws attention to an alleged "two-week delay" between Telcom stating its opposition to Samsung's Motion and Samsung filing its Motion.  (*Id.* at 9.)  The Motorola prior art is allegedly not "any more important" than Samsung's other prior art; it is cumulative of Samsung's other prior art.  (*Id.* at 11–13.)  Telcom would be prejudiced because it has "spent significant resources investigating Samsung's original invalidity contentions" and because Samsung's supplement came "just days away from initiating the claim construction process."  (*Id.* at 13.)

The Court is persuaded that Samsung has good cause to amend its invalidity contentions with the Motorola prior art.  As to diligence, Samsung informed Telcom of the Motorola prior art in a timely fashion.   Samsung's originally served invalidity contentions mentioned potential

Motorola prior art and that prior art discovery was ongoing. (*Supra* § I.) To be clear, this is not a case involving an eleventh-hour disclosure of a completely new prior art system.

Samsung, albeit, may have been able to chart the Motorola prior art systems more quickly than it did. However, the Court appreciates that a material part of the delay stemmed from the time necessary for Motorola to respond to a subpoena and the lack of publicly available information regarding the Motorola prior art systems. *See Gesture Tech. Partners, LLC v. Huawei Device Co.*, No. 2:21-CV-0040-JRG, slip op. at 4 (E.D. Tex. Jan. 24, 2022) ("[Samsung] informed [plaintiff] of the new information in a timely fashion and any delay appears to have been caused by the inevitable time necessary for third parties to respond to subpoenas and the lack of publicly available information regarding the prior art systems.").

As to the importance of the Motorola systems, Samsung's rote position that they "invalidate all 118 claims of the eight asserted patents" strains credibility. *See Optronic Scis. LLC v. BOE Tech. Grp. Co.*, No. 2:23-CV-00549-JRG, 2025 WL 1509150, at *2 (E.D. Tex. May 27, 2025) ("Defendant must present more than mere conclusory statements that the . . . [']prior art . . . could invalidate all of the asserted claims.'"). Nonetheless, the reality that Samsung provided notice of its amended invalidity theories about five months before the close of fact discovery mitigates against excessive prejudice. (*See* Dkt. No. 57 at 10; Dkt. No. 70 at 4.)

All of these facts taken together persuade the Court that granting Samsung's Motion is warranted. *See Optronic*, 2025 WL 1509150, at *3 (granting leave to amend invalidity contentions when diligence and lack of prejudice weighed in favor of doing so).

Telcom's remaining arguments do not alter the Court's analysis. Samsung gave notice of the amended invalidity contentions with about five months left in fact discovery. This weighs against Telcom's point that Samsung took too long to give notice—including the alleged two-week

4

delay between Telcom stating its opposition and Samsung filing its Motion.  Also, the Court is not convinced that Samsung needed to chart the Motorola systems in its initial invalidity contentions given the confidential inner workings of the Motorola systems and Samsung's earlier notices of the Motorola systems.

In sum, Samsung's understandable effort with third-party discovery and the absence of prejudice outweigh Telcom's claims that the Motorola prior art may be cumulative.  Further, this has shown that Telcom's worries that the Motorola prior art may impact claim construction (Dkt. No. 66 at 13–14) were speculative at best.  A day after filing these arguments, Telcom "agree[d] that there [were] no disputed claim terms for which either party seeks construction."  (Dkt. No. 67 at 1.)

## IV.    UNOPPOSED AMENDMENTS

Telcom does not oppose Samsung's request for leave "to make certain ministerial changes to the cover pleading and to amend the A05 charts re Kyocera and the A12 charts re NFC."  (Dkt. No. 57 at 13; *see also* Dkt. No. 66.)  Given the unopposed nature, the Court finds that Samsung has leave to amend its invalidity contentions for these requested and unopposed amendments.

## V.    CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Samsung's Motion for Leave to Amend Invalidity Contentions (Dkt. No. 57).

So ORDERED and SIGNED this 23rd day of April, 2026.

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE