IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TELCOM VENTURES LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00691-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| *and* SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

The Court held a Pretrial Conference in the above-captioned case on April 27, 2026 regarding pending pretrial motions, motions in *limine* ("MILs"), and disputed exhibits between Plaintiff Telcom Ventures LLC ("Telcom" or "Plaintiff") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung" or "Defendants") (collectively, the "Parties") (Dkt. Nos. 93-100, 157, 158). This Order memorializes the Court's rulings on the pretrial motions, MILs, and disputed exhibits as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. **Samsung's Motion for Summary Judgment of Patent Ineligibility under U.S.C. § 101 (Dkt. No. 98).**

The Court **carried** the motion following oral argument from the Parties. The Court will file a separate order regarding Dkt. No. 98.

2. **Samsung's Motion for Partial Summary Judgment of No Infringement (Dkt. No. 95).**

The motion was **DENIED**.

The Court finds that there are material questions of fact regarding U.S. Patent No. 12,028,793 and U.S. Patent No. 10,674,432 (respectively, the "'793 Patent" and the "'432 Patent")—as well as whether the method claims are practiced by the accused products.

3. **Samsung's Motion for Summary Judgment for Lack of Standing. (Dkt. No. 96).**

The motion was **DENIED**.

The Court finds that the terms of the employment agreement from Dr. Karabinis with Mobile Satellite Ventures LP ("MSV") require that any invention to be covered by that agreement must refer to work from MSV. The asserted patents do not refer to work for MSV or results therefrom. While Samsung highlights categories of work and types of work at a rather high level, the Court finds nothing in evidence supporting Samsung's assertion that the inventions claimed by the asserted patents resulted from work with MSV.

The terms of the agreement further require that covered inventions must relate to MSV's current anticipated or prospective business activities. The Court finds no evidence of such relation.

Alternatively, the Court sees no reason why Telcom would not qualify as a *bona fide* purchaser for value. MSV has taken no action to indicate or put the public on notice that MSV believes it owns or claims any rights in the asserted patents via Dr. Karabinis's employment or agreement thereof.

4. **Samsung's Motion for Partial Summary Judgment of No Willfulness and No Pre-Suit Indirect Infringement (Dkt. No. 97).**

The motion was **GRANTED IN PART**.

The Court **granted** the motion with respect to pre-suit indirect infringement. Plaintiff made it clear they do not intend to pursue such a theory, but to erase any doubt, pre-suit indirect

infringement is not a live issue in this case.  As noted at the Pretrial Conference, the Court **denied** the motion to the extent it seeks summary judgment as to post-complaint induced infringement.

The Court **denied** the motion to the extent it raises pre-suit and post-suit willfulness.  It is well established that finding willfulness, and enhancing damages based thereon, are within the respective purviews of the jury and of the Court.

5. **Samsung's Motion To Exclude Expert Opinions and Testimony of Dr. Daniel van der Weide (Dkt. No. 93).**

The motion was **GRANTED IN PART**.

Regarding experimental use, the Court **granted** the motion in part.  Specifically, the Court struck the last sentence of paragraph 43 and the entirety of paragraphs 44, 293, and 317 of Dr. van der Weide's report.  That portion of the motion was otherwise **denied**.

Regarding non-public implementation, the Court **granted** the motion in part.  Paragraphs 43 and 44 were already stricken as above.  Otherwise, with regard to paragraphs 289-92, the Court **denied** that portion of the motion.

Regarding Dr. van der Weide's opinion with respect to smartphones, the motion was **denied**.  Dr. van der Weide is entitled to provide his opinions on the plain and ordinary meaning of the term "smartphone."

Regarding Dr. van der Weide's eligibility opinions, the Court **granted** the motion in part.  Dr. van der Weide may not testify about Step 1, which is a purely legal question for the Court to decide.  Accordingly, the Court struck paragraphs 466-69 of his report.  However, the Court finds no reason to strike Dr. van der Weide's testimony with respect to Step 2 and **denied** the motion with respect to those opinions.

Regarding secondary considerations, the Court **denied** the motion.  The Court sees no basis to exclude such portions of Dr. van Der Weide's report.

3

6. **Telcom's Motion To Strike and Exclude Certain Portions of the Expert Opinions of Dr. Ray Perryman (Dkt. No. 94).**

The motion was **GRANTED IN PART**.

Regarding non-infringing alternatives, the motion was **denied as moot**. The Parties represented such portion is no longer at issue.

Regarding Dr. Perryman's license opinions, the motion was **granted in part**. The Parties represented that all licenses other than the Syndefense license were not at issue. As to those other licenses, the motion was **granted as agreed**.[1] As to the Syndefense license, the motion was **granted in part**. The Syndefense license may be used to show a preference for an underlying structure but it may not be used for its financial portion. In other words, the Syndefense license may be used as with the preceding licenses and agreements to demonstrate a preference for a certain structure, but not otherwise.

7. **Samsung's Motion To Exclude Expert Opinions and Testimony of Dr. Rebecca Reed-Arthurs and Mr. Robert Mills (Dkt. No. 99).**

The motion was **GRANTED IN PART**.

Regarding Dr. Reed-Arthurs's conjoint survey opinion, the motion was **denied**.

Regarding Dr. Reed-Arthurs' commercial applicability survey, the motion was **denied**.

Regarding Mr. Mills' damages opinions in their entirety, the motion was **denied**.

Regarding the alternate calculation extending a lump sum by adding projected post-trial sales, up to the patents' expiration, the motion was **granted**. Reasonably royalty and the rate therefor is achieved as of the time of the hypothetical negotiation. It is proper to take established sales that have actually taken place and multiply those sales by the reasonable royalty rate to achieve a sufficient royalty base up to or near the time of trial. However, to estimate how many

---

[1] The Parties referred to such licenses as "group one" and "group two" licenses as the Pretrial Conference. (*E.g.*, Dkt. No. 117 at 157:15-158:18, 165:9-17).

units may be sold from after trial to the expiration of the patents, and to add such estimation as an additional component to a proposed lump sum, is not appropriate.  Such estimation or speculation (1) requires a guess, or speculation, as to post-trial sales; and (2) it forgoes the established policy approved by the Federal Circuit that if it is a running royalty and if there are future sales, then those future sales can be compensated at an enhanced rate because it's knowingly infringing.  Also, a lump sum by its very definition is a fully-paid-up license through the expiration of the patents. Accordingly, the Court precluded such "enhanced" lump sum alternative calculations.

8. **Telcom's Motion To Strike and Exclude Certain Portions of the Expert Testimony of Dr. John Black (Dkt. No. 100).**

The motion was, and is, **GRANTED IN PART.**

Regarding opinions about "second data" and "authorization" in paragraphs 221, 228-36, 323-26, 371 in Dr. Black's rebuttal report, the motion was **granted**.  The Court excluded those paragraphs.  Consistent with the Court's standard Mil No. 6, the Court will not discuss *inter partes* review ("IPR") or the Patent Trials and Appeals Board at trial.  Disavowal should have been brought up during the *Markman* process; it is not an appropriate question for the jury at trial. Further, discussions of IPR and related topics substantially risk jury confusion.

Regarding opinions about "responsive to" in paragraphs 227, 335, the motion was **granted** for the same reasons noted above.

Regarding opinions about "mode to communicate," the motion was **denied**.  There is no disavowal argument relating back to an earlier IPR.

Regarding opinions about the KX18 Jade and Kyocera E2000 devices, the motion was **granted**.  At the Pretrial Conference, the Parties sought clarification regarding whether the KX18 Jade may be considered as part of the KX18 Slider Jet system art.  (Dkt. No. 229:11-237:8).  The Court carried the motion on this question.  At the Pretrial Conference, Samsung represented that

5

the hardware between the KX18 Jade and KX18 Slider Jet is the same.  However, it is the software that differs among these products.  Samsung does not explain how a difference in software somehow renders the KX18 Jade the same device as the KX18 Slider Jet, nor how the operation of the former's software somehow explains the latter's.  On the other hand, Plaintiff does not appear to dispute that the hardware is the same.  The Court **ORDERS** as follows:  The KX 18 Jade's software may be used as background art showing what was within the knowledge of a POSITA, but the Court otherwise **excludes** evidence, testimony, or argument relating to KX18 Jade's software.  That may not be presented at trial as part of the KX18 Slider Jet.  Because the Parties do not appear to dispute that the hardware differs between the these devices, the Court will not preclude evidence, testimony, or argument relating to only the KX 18 Jade's hardware.

Regarding paragraph 455 of Dr. Black's rebuttal report, the motion was **denied as moot**. Defendant has withdrawn that paragraph.

Regarding opinions about commercial acceptability in paragraphs 452 and 454, the motion was **denied**.

Regarding opinions about Samsung's patents, the motion was **granted**.  Consistent with the Court's ruling on Plaintiff's MIL No. 1, the Court precluded Dr. Black from testifying that Samsung has 3,627 patents related to the mobile payments and transactions technology space that include biometric authentication or proximity-based screening.  Such testimony is too granular and invites reliance by the jury on identified but undiscussed Samsung patents.  However, Samsung can argue, and Dr. Black can testify, that that Samsung holds thousands of patents in the smartphone or telecommunications space.  Dr. Black's testimony should not go any further than that unless and until the Court grants particular leave to do so.

Regarding the appendices attached to Dr. Black's report raised by Plaintiff counsel at the PTC hearing, the motion was **denied**.  (Dkt. No. 224:9-226:1).

Regarding opinions related to 35 U.S.C. § 102(g), the Court carried the motion.  Contrary to Plaintiff's assertions that such opinions were previously undisclosed, Samsung's invalidity contentions state that "the Asserted Patents are invalid based on . . . prior inventions made in the United States by other inventors who had not abandoned, suppressed, or concealed them under 35 U.S.C. § 102(g)" and immediately below that list Kyocera reference subject to this portion of the motion.  (Dkt. No. 116-3 at 24-25).  Such disclosure is adequate.  *See Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, 2011 WL 7563868, at *1 (E.D. Tex. Sept. 23, 2011).  Accordingly, this portion of the motion is **DENIED**.

Regarding opinions about whether the Kyocera references teaches "enabl[ing] a mode to communicate information requesting an authorization" or "establish[ing] a mode of communication mode to communicate information requesting an authorization," the Court carried the motion.  Samsung disclosed Kyocera as prior art with respect to these claim limitations in its invalidity contentions.  Such disclosure is adequate.  *Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co.*, 2025 WL 2969262, at *3 (E.D. Tex. Oct. 20, 2025).  Accordingly, this portion of the motion is **DENIED**.

9. **Parties' Opposed Motions *in Limine* (Dkt. Nos. 157, 158).**

   a. *Plaintiff's Motion* in Limine *1: The parties shall be precluded from introducing evidence, testimony, or argument referring to any individual patents that are not asserted in this case for infringement, relied on for technological comparability, or part of an election in Samsung's final election of invalidity theories.*

This MIL was **GRANTED** to the extent that it precludes Samsung from representing that it has patents regarding mobile payments and transactional technology, including biomedical authentication and the like.  The Court clarified that Samsung may represent that it has thousands

of patents in the smartphone telecom space without implying that such patents protect Samsung from any allegations of infringement.  Counsel must first ask the Court for leave before presenting anything more specific than such representations.

> b.  *Plaintiff's Motion* in Limine *2: The parties shall be precluded from introducing evidence, testimony, or argument from Samsung or Google fact witnesses that Samsung does not infringe the asserted claims or that the asserted claims are invalid.*

This MIL was **GRANTED AS AGREED**.  The Parties represented that they have agreed to Samsung having a witness testify to the corporate position that Samsung does not infringe or that the patents are invalid.

> c.  *Plaintiff's Motion* in Limine *3: The Parties shall be precluded from introducing evidence, testimony, or argument regarding the personal wealth of Telcom Ventures' officers, employees, and directors, and the inventors of the asserted patents.*

This MIL was **GRANTED AS AGREED**.  The Parties did not recite their agreement onto the record.[2]  The Parties would do well to maintain their agreement and avoid disputes related to this MIL at trial.

> d.  *Plaintiff's Motion* in Limine *4: The Parties shall be precluded from introducing evidence, testimony, or argument regarding Samsung's purchase of the Dua prior art reference.*

This MIL was **DENIED** on Samsung's representation that evidence regarding Samsung's purchase of the Dua reference would consist of approximately several sentences.  However, as the Court cautioned, the evidence relating to Samsung's purchase of the Dua reference should stay confined to those several sentences.

> e.  *Plaintiff's Motion* in Limine *5: The Parties shall be precluded from introducing evidence, testimony, or argument regarding the financial terms of any license that neither side has identified as a comparable license.*

---

[2] An email from counsel indicated that this MIL was withdrawn.  However, the Parties later represented at the Pretrial Conference that this MIL should be granted as agreed.

This MIL was **GRANTED AS AGREED**.  As with Plaintiff's MIL 3, no agreement was read onto the record.  However, email correspondence from counsel explained that Stratasys agreed to withdraw this MIL in view of Samsung's stipulation that it will not introduce, or provide testimony regarding US20240083117 to Gregg, discussed in the briefing for this MIL.

    *f.*  *Defendants' Motion in Limine 1: To preclude evidence, argument, or testimony regarding a corporate representative's lack of knowledge outside personal knowledge or scope of 30(b)(6) topics for which they were designated.*

This MIL was **GRANTED**.  Counsel may elicit testimony from a witness on subjects within the witness's personal knowledge or a matter for which that witness was noticed for 30(b)(6) purposes.  However, the proponent of testimony beyond that scope must first seek leave before attempting to elicit such testimony.

    *g.*  *Defendant's Motion in Limine 2: For relief from Court MIL No. 1 to the extent needed to argue Telcom's damages experts failed to account for the value of other patents Telcom owns.*

This MIL was **DENIED**.  The Court finds this MIL is a preemptory request for leave to deviate from the Court's standard MIL No. 1, not an actual request for an order *in limine*.  If there is a basis to seek leave to go beyond MIL No. 1, that must be made in real time at trial.

    *h.*  *Defendant's Motion in Limine 3: To preclude evidence, argument, or testimony regarding Samsung's overall product revenues or profits*

This MIL was **GRANTED IN PART**.  Any reference to revenue or income of either Samsung Defendant as an enterprise is excluded.  The Court will permit publishing to the jury the total number of sales of accused units times the average selling price.  However, any use of that number must have concurrently with it the total number of sales of accused products times the $23 for tap and pay technology.

    *i.*  *Defendant's Motion in Limine 4: To preclude evidence, argument, or suggestion that the asserted claims are entitled to a priority or conception date prior to November 4, 2008.*

9

This MIL was **GRANTED AS AGREED**.  The Parties represented that Plaintiff will be able to state that Dr. Karabinis was working on parts of the relevant technology in 1992, but will not claim a conception date prior to November 4th, 2008.  Samsung will be able to admit the inventors' notebook into evidence and show it as part of the inventor's story.

>    j.  *Defendant's Motion* in Limine *5: To preclude evidence, argument, or suggestion that a prior public use by third parties is an "experimental use."*

This MIL was **GRANTED AS AGREED**.  The Parties represent that there will be no argument regarding the experimental use exception.  Plaintiff may refer to the relevant devices as experimental to argue it was non-public, but the word "experimental" in itself will not *per se* render the device non-public as a matter of law.

### 10. Parties' Exhibit, Witness, and Demonstrative Disputes

At the Pretrial Conference, the Parties represented they had materially narrowed their exhibit disputes.  The Court ordered the Parties to brief the outstanding disputes so that the Court could rule on such disputes on the papers.  Having reviewed the Parties' briefing, the Court **ORDERS** as follows:

Regarding Plaintiff's Bucket Nos. 1 and 3, the Court **pre-admits** DX-4, DX-5, DX-9, DX-12, DX-16, and DX-17.  Consistent with the Court's rulings above, Samsung may use these exhibits only with respect to demonstrating the background knowledge of a POSITA.  Contrary to Plaintiff's briefing, the Court did not declare that Samsung's "unelected devices and products . . . [were] irrelevant." (*Compare* Dkt. No. 179 at 6 *with* Dkt. No. 177 at 222:5-223:6).  So long as the exhibits are expressly delineated from the KX18 Slider Jet prior art and limited to only background POSITA knowledge, the risks of confusing the jury do not substantially outweigh their probative value.  However, these exhibits may be hearsay, depending on how Samsung uses them.  The

Court is not persuaded these documents are business records under FRE 803(6); Samsung has offered no testimony or certification of such business record status. To the extent Samsung's experts opine on these exhibits to show the knowledge of a POSITA, they are admissible under FRE 703. Samsung's briefing indicates that at least some of these exhibits may be used with Dr. Black. However, Samsung does not clearly indicate which witnesses will testify with respect to each of these exhibits. Should Samsung seek to have non-expert witnesses testify to these exhibits, it must first request leave from the Court.

Regarding Plaintiff's Bucket No. 2, the Court **pre-admits** exhibits DX-2 and DX-3. Samsung has made a sufficient showing of authentication and relevance. The probative value of these exhibits are not substantially outweighed by any risks of confusion. However, and consistent with the above rulings, Samsung may use these exhibits only to show the state of the art. Regarding hearsay, to the extent Samsung's experts will testify to these exhibits in explaining their opinions to the jury, such testimony is admissible pursuant to FRE 703. As to non-expert witnesses: Samsung alleges it will use these exhibits for non-truth purposes. Samsung specifically represents it would use these exhibits for the effect on the listener—namely, a POSITA—in considering these exhibits. To be clear, to the extent Samsung will use these exhibits with non-experts, the Court admits such exhibits only for such non-truth purpose. In the event Samsung uses these exhibits with non-experts and later presents argument or testimony that the underlying statements in these exhibits are true, the Court will likely grant objections based on such argument or testimony.

Regarding Defendants' Bucket No. 2, the Court **pre-admits** exhibit PX-5. Samsung objects only on the basis of relevance or undue prejudice. Plaintiff's expert, Mr. Mills, uses this document in his analysis to explain Google's views. Samsung argues the views of Google, a non-party in this case, are irrelevant to the hypothetical negotiation. However, Mr. Mills's report also

explains Samsung would seek contributions from Google as part of the hypothetical negotiation.[3] The Court finds that this evidence tends to have probative value relating to the hypothetical negotiation that is not inherently substantially outweighed by any undue prejudice or confusion. Should Telcom present this exhibit in a manner that tends to heighten such risks such that they substantially outweigh its probative value, the Court will entertain objections under FRE 403 at trial.

Regarding Defendants' Bucket No. 3, the Court **pre-admits** PX-7, PX-8, PX-9, and PX-11. Defendants' briefing makes no mention of these exhibits. The Court thus finds Samsung has withdrawn its objections to these exhibits.

With regard to Dr. Karabinis's testimony, Plaintiff represented that Dr. Karabinis would not be appearing to testify live at trial. Accordingly, the Court approves of his testimony by deposition.

In their Joint Pretrial Order, the Parties also appeared to disagree with respect to demonstratives. As explained at the Pretrial Conference, if any side intends to use a demonstrative in closing argument that had not been used before the jury during trial, then the proponent of that demonstrative must be disclosed to the opposing side within two (2) hours of the Court hearing motions under Rule 50(a).

**So ORDERED and SIGNED this 1st day of July, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's briefing asserts that "Google's view on the value of its tap-and-pay technology would have had an impact on the hypothetical negotiation." However, it does not appear to indicate that this opinion is within Mr. Mills's report. Plaintiff is reminded that Mr. Mills's testimony is confined to the contents of his expert report.